# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CHAVEZ, | CASE NO. 1:12-cv-00533-AWI-SMS |
|         Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND WITHIN THIRTY DAYS |
| v. | |
| FINANCIAL CREDIT NETWORK, INC., | |
|         Defendant. | (Doc. 1) |

### Screening Order

Plaintiff David Chavez, proceeding *pro se*, filed this complaint on April 6, 2012, alleging that Defendant Financial Credit Network, Inc., violated the Fair Debt Collections Practices Act (15 U.S.C. § 1692 *et seq.*) and the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq.*). This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

**I.     Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299

///

U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).  Accordingly, this Court screens all complaints filed by plaintiffs *in propria persona* to ensure that the action is not frivolous or malicious, that the actions states a claim upon which relief may be granted, and that the complaint does not seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

## II.  Factual and Procedural Background

On April 21, 2011, Plaintiff reviewed his Experian credit report, discovering that Defendant had reported that Plaintiff owed $90.00 on account number 7752037 as of August 2009.  Plaintiff considered the information inaccurate.

On May 6, 2011, Defendant sent Plaintiff a letter demanding payment of $111.92 on "FCN account number 7752037."  On May 9, 2011, Plaintiff disputed the inaccurate information by sending a certified letter to each of the three credit reporting agencies: Trans Union, Experian, and Equifax.  Nonetheless, the inaccurate entry remained in his credit report from April 2011 to August 2011.

On June 1, 2011, Plaintiff sent Defendant a certified letter demanding debt validation.  According to the complaint, Defendant received the letter the same day.  On June 3, 2011 Plaintiff received a telephone call from Defendant's representative, Celia Moya, who advised Plaintiff, "This is an attempt to collect a debt by a debt collector.  Any information obtained will be used for that purpose."  Ms. Moya then asked Plaintiff when Defendant could expect Plaintiff's payment.  Plaintiff requested an itemized statement of the debt.

On August 16, 2011, Defendant mailed a notice to Plaintiff that it was deleting the entry from his credit report.  The notice warned, "This communication has been sent to you by a debt

collector. Federal law requires we inform you that this is an attempt to collect a debt. Any information obtained will be used for that purpose."

On February 13, 2012, Plaintiff sent Defendant a letter indicating his intent to sue them. On February 17, 2012, Plaintiff spoke with Defendant's compliance officer, Susanne Morado, who explained:

> [W]hen we find Mr. Chavez that we're not able to provide an itemized statement to our consumers then we remove it from your credit report as a courtesy deletion because I don't want to impact you in any way. So if you were to pull up your credit report today you would find that our name is no longer on your credit report on this particular account, we removed it off your credit report, back when we were not able to provide you with an itemized statement and you were told that we were going to do that, and that's what we've done for you. So when you say to me that this is damaging you in some way, I question it because we've gone in and done the right thing. You know that there's no law that says that I have to remove it, but I do it as a courtesy to our customers because I want to do the right thing. And so again, that's my purpose of asking how we have damaged you. I care about damaging our customers and to me that is a HUGE [*sic*] word when someone says "damage" because that's the last thing that I want to do to our customers.

Doc. 1 at 4.

Ms. Moya was also present for the conversation and responded to certain questions directed to her by Ms. Morado.

Immediately after Plaintiff's conversation, Ms. Moya telephoned Plaintiff and left the following message:

> Good afternoon, this message is for David Chavez. If we've reach[ed] the wrong number for this person please call us at 866 582-5071 to remove your phone number. If you are not David Chavez please hang up. If you are David Chavez please continue to listen to this message. Mr. Chavez, you should not listen to this message so that other people can hear it as it contains personal and private

///

///

-3-

information. This is Celia Moya from Financial Credit Network, this is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose. Please contact me in regards to an important business matter at 733-7550. Thank you.

Doc. 1 at 5.

### III.  Pleading Standards

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

The complaint in this matter is plagued by Plaintiff's conclusions that Defendant violated certain statutory provisions. His recital of facts should omit all legal conclusions in favor of providing a more comprehensive account of the relevant facts. In particular, the Court notes that after his February 17, 2012 conversation with Ms. Morado, he appears to assume that when Ms. Moya left the message on his home telephone, she intended to continue to pursue collection of the $90.00 debt. If Plaintiff is not simply assuming that Ms. Moya's purpose, he must allege facts supporting his conclusion, not the conclusion itself. Similarly, he must allege facts to support his statement in paragraph 15 of the complaint that Defendant continued to attempt to collect the debt, not his conclusion that it was doing so. Plaintiff must also allege facts supporting his contention that he has incurred actual damages as a result of Defendant's debt collection activities.

**IV.    Claim One: Violations of Fair Debt Collection Practices Act (15 U.S.C. § 1692f (1))**

Plaintiff contends that Defendant violated the FDCPA by attempting to collect a debt not authorized by an agreement, by stating that Plaintiff owes a debt, by sending two letters that failed to recite Plaintiff's right to dispute the claimed debt within thirty days, by sending two letters that failed to state that Plaintiff had the right to verification of the debt, and by failing to cease collection efforts until the debt was validated.

The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). For purposes of the statute, a

///

///

"consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a (3). A "debt" is "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a (5). In brief, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a (6).

### A.     Unauthorized Debt

The FDCPA includes as an unfair practice "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f (1). Claims under this statutory provision most commonly arise when a debt collector seeks to collect fees, interest or other charges that are not authorized by law or by the consumer's agreement with the original creditor. *See, e.g., Shula v. Lawent*, 359 F.3d 489 (7th Cir. 2004) (addressing attempted collection of court costs); *Kirk v. Gobel*, 622 F.Supp.2d 1039 (E.D. Wash. 2009) (addressing collection of attorneys' fees); *Andrews v. South Coast Legal Services, Inc.*, 582 F.Supp.2d 82 (D. Mass. 2008) (considering constable fees and costs); *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102 (E.D. Wash. 1999) (addressing inclusion in debt of costs associated with prior unsuccessful attempts at garnishment).

///

In contending that Defendant sought to collect a debt not authorized by an agreement, Plaintiff apparently reasons that he has never had any agreement to incur a debt due to Defendant, Defendant's collection activities must have violated the statute.  Since Defendant held itself out to be a debt collector, however,  one may reasonably assume that Defendant sought to collect a debt that Plaintiff owed or allegedly owed to another person, who had hired Defendant to collect the outstanding debt on its behalf.  Accordingly, to state a claim under this statute, Plaintiff must allege that the amount that Defendant sought to collect was not permitted by law or authorized by Plaintiff's agreement with Defendant's principal, that is, the person that hired Defendant to collect the debt or alleged debt on its behalf.  The amended complaint should also identify the character of the impermissible charge.

### B. Statement of Debt Owed

When a debt collector speaks with a third party in an attempt to locate a consumer, the debt collector shall "not state that such consumer owes any debt." 15 U.S.C. § 1692b (2).  Plaintiff alleges only that Defendant stated that he owed a debt.  To maintain a cognizable claim under this statutory provision, the amended complaint must allege facts sufficient to support the inference that Defendant stated *to a third party* that Plaintiff owed a debt.

### C. Statement of Right to Dispute Debt

Within five days of its initial communication with a consumer in connection with collection of a debt, a debt collector must send the consumer, in writing, certain information, unless that information was included in the initial communication or the consumer has paid the debt. 15 U.S.C. § 1692g (a).  Required information includes "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the

debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g (a)(3).  The information also includes "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.  15 U.S.C. § 1692g (a)(4).

Plaintiff alleges that Defendant sent two communications omitting this required information, but the complaint identifies only a single communication, the May 6, 2011, letter, as omitting the required statutory warnings.  Since the statute requires provision of the warnings only with regard to the debt collector's initial communication with the consumer, the omission of warnings in a second communication is irrelevant.  To fully address the statute, however, the revised complaint must also allege that following the omission of the required language in the initial communication, the debt collector failed to provide the information in writing within five days thereafter.

### D. **Failure to Cease Communications Pending Validation**

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of the judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or the name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g (b).

///

Evaluation of the pleading of this claim is complicated by the complaint's factual allegations that Plaintiff sent his demand for verification by certified mail on June 1, 2011, and that Defendant received the demand on June 1, 2011, an apparent impossibility. Until the complaint is amended to reflect the actual date on which Defendant signed for Plaintiff's certified letter, it is impossible to determine whether Ms. Moya's June 3, 2011 telephone call was made after Defendant had knowledge that Plaintiff demanded verification of claim. The amended complaint must reflect accurate facts regarding Defendant's receipt of Plaintiff's demand.

## V.     Claim Two: Violations of Fair Credit Reporting Act (15 U.S.C. § 1681s-2)

Plaintiff contends that Defendant violated the FCRA by willfully or knowingly providing inaccurate information to two credit reporting bureaus, Experian and Equifax, for a total of five months: April 2011 through August 2011.

"A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." 15 U.S.C. § 1681s-2 (1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2 (1)(D). Because the complaint includes no factual allegations supporting a conclusion that Defendant had specific knowledge that would have caused it to have substantial doubts regarding the accuracy of the amount that Plaintiff owed to its principal, the complaint fails to state a cognizable claim under the statute. To maintain a claim under this statute, the amended complaint must allege facts sufficient to support all elements of this claim.

## VI. Conclusion and Order

As presently constituted, Plaintiff's complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must set forth factual allegations supporting each of Plaintiff's claimed causes of action. *Leer v. Murphy*, 844 F.2d 628, 633-34 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*).

Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

///

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **June 6, 2012**                              /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE